UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carl Boyd,<br>     Plaintiff,<br><br>v.<br><br>Waste Connections US, Inc.,<br>     Defendant. | CASE NO.: 2:25-cv-11495-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Carl Boyd, is a citizen of the State of South Carolina, and resides in Dorchester County, South Carolina.

3. The Defendant, Waste Connections US, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. In or around 2013, the Plaintiff began working for Defendant as a Heavy equipment operator. At all times during his employment, the Plaintiff was efficient and effective in his work.

12. During his employment, the Plaintiff suffered from prostate cancer which constitutes a serious health condition as defined by the FMLA.

13. The Defendant has a no scavenging rule, even though everyone does it and even the person next door comes over and scavenges.

14. On or about August 7, 2023, the Plaintiff went out on Family and Medical Leave for his treatment of prostate cancer, and he was out until November 6, 2023. Plaintiff indicated he would need to take FMLA once he accrued more FMLA with the calendar year.

15. The Plaintiff was written up for violating the no scavenging rule and told by management to go home until he heard from the Defendant. Employees at the company frequently scavenged through the waste and no one gets disciplined for it.

16. On or about November 22, 2023, Plaintiff's employment was terminated in retaliation for his need for FMLA. The Plaintiff's reason for his termination was pretextual and not the real reason for his termination.

17. The Plaintiff's termination was in direct interference with the rights afforded to him under the FMLA and in retaliation for seeking leave to which he was entitled.

## FOR A FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Interference

18. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

19. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

20. Defendant's discipline against Plaintiff and discharge of his employment as a result of him having taken such leave is a violation of his rights under said statute(s).

21. Plaintiff took FMLA but indicated he would need to take more FMLA after the end of the year when he would accrue more FMLA leave.

22. By terminating the Plaintiff before he accrued more FMLA leave, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with his attempt to secure and utilize such leave.

23. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

24. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Retaliation

25. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

26. The Defendant's discipline against Plaintiff and discharge of his employment as a result of him having taken such leave is a violation of his rights under said statute.

27. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

28. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

29. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled he would have earned (with related monetary benefits and interest thereon) had he been kept in his proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5.  An award to the Plaintiff for reinstatement to his former position; and

6.  For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

                **WIGGER LAW FIRM, INC.**

                *s/Jarrel L. Wigger*
                Jarrel L. Wigger (Fed. I.D. #6345)
                Attorney for Plaintiff
                8086 Rivers Avenue, Suite A
                North Charleston, SC 29406
                (843) 553-9800

North Charleston, South Carolina
August 26, 2025.